SAMUEL A. HOPKINS *et al.*, Plaintiffs in Error, *v.* JAMES R. MOON, Defendant in Error.

ERROR TO BUREAU.

In order to hold a party who is special bail, before a justice of the peace, it is necessary that a *scire facias* upon the judgment for the return of the defendant shall have been issued.

THIS cause was brought by the plaintiffs in error against the defendant in error, before a justice of the peace of Bureau

county, in which court judgment was rendered for the defendant, and the plaintiffs appealed to the Circuit Court of said county.

The suit was brought against the defendant as special bail of one Elias Dakin, entered into by the defendant on a *capias* issued in favor of the plaintiffs and against the said Dakin. In the Circuit Court a jury was waived and the cause was submitted to the court for trial, and the court found the issues for the defendant.

The plaintiffs admitted that no *ca. sa.* had been issued on said judgment against said Dakin, and that if there had been, he could have been arrested, but claimed that no *ca. sa.* was necessary to make defendant Moon liable, but that he should have surrendered up the body of Dakin upon the executions against the goods and chattels of Dakin, which surrender defendant conceded had never been made, and insisted that there never had been any demand made for such surrender.

The court decided that a *ca. sa.* should have issued, and found for the defendant, and rendered judgment against the plaintiffs for costs, to which said decision of the court the plaintiffs excepted.

The cause was tried before HOLLISTER, Judge.

PETERS & FARWELL, for Plaintiffs in Error.

G. L. PADDOCK, for Defendant in Error.

CATON, C. J. What is necessary to be done to create, or rather to fix the liability upon this bail bond, depends upon the positive provisions of the statute under which it was given. Whatever the statute requires, whether we may think it useful or sensible, or the reverse, must be done before a right of action can exist upon it. By the defendant in error it was insisted that no right of action exists until a *ca. sa.* has been issued upon the judgment. That is the law for cases in the Circuit Court, but it is not so in cases before justices of the peace. The 92nd section of the 59th chapter R. S. is the one which prescribes what shall be done to fix the liability of special bail before justices of the peace. But unfortunately there is a misprint in that section, which has been followed both in Purple's Statutes and Scates' Compilation. We find, upon examination of the enrolled law in the Secretary's office, that the section referred to reads as follows: "In all cases where the defendant shall give special bail under the provisions of this chapter, and shall not be surrendered on or before the return day of the *scire facias* upon the judgment," etc. In all three

of the printed works referred to, the words "*fieri facias*" are substituted for *scire facias*. Now, although we may think that the writ specified by the printer is a much more appropriate one for the occasion than the one prescribed by the legislature, we are bound by the latter, and must require the issue of a writ of *scire facias* before the bail can be fixed. That was not done here, and consequently the action could not be maintained.

The judgment must be affirmed.

*Judgment affirmed.*